RAILWAY EXPRESS AGENCY, INC. *vs.* KASPER-GORDON, INC.

Suffolk.    October 7, 1952. — November 5, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Payment.*

In an action by an express company as assignee of a seller to recover the price of goods alleged to have been shipped to the defendant via the plaintiff C. O. D. and to have been received by the defendant without his paying therefor on delivery, a warranted finding by the trial judge that the defendant "paid for all goods" was determinative of the action in favor of the defendant.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 24, 1950.

The action was heard by *Tomasello*, J.

*Austin M. Pinkham*, for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

COUNIHAN, J. This is an action of contract in which the plaintiff, a common carrier, seeks to recover the price of a quantity of phonograph records, alleged to have been shipped C.O.D. $120 by the Record Manufacturing Co., hereinafter called Record, to the defendant. The action was brought in the Municipal Court of the City of Boston by the plaintiff as an assignee of Record. The answer of the defendant so far as material was a general denial and

payment. The judge found for the defendant, and after denying the plaintiff's requests for rulings reported the action to the Appellate Division. From a final order of the Appellate Division dismissing the report, the plaintiff appealed.

There was evidence that on May 13, 1947, Record received oral instructions from one Harrison, the owner and manager of the Harrison Phonograph Co., to ship via the plaintiff a quantity of phonograph records to the defendant C.O.D. $120 plus express charges. Delivery of this merchandise was made to the defendant on May 17, 1947, by an agent of the plaintiff who collected the express charges but did not collect $120 because no C.O.D. slip was attached. The defendant admitted the receipt of these goods but without knowledge that any C.O.D. payment was called for. There were other C.O.D. shipments at various times all of which were paid for by the defendant. There was further evidence that the defendant paid in full for all phonograph records received by it. On demand from Record the plaintiff paid it $120 and took an assignment of the claim of Record against the defendant.

The plaintiff submitted nine requests for rulings, all of which were denied. The judge said as to the second request, "I find on the facts that Harrison acted independently of the defendant in ordering shipments to defendant," and as to the seventh request, "I find on facts that defendant paid for all goods ordered from Harrison Co." There was ample evidence to support these findings which were sufficient to dispose of all of the plaintiff's requests. There was no error in denying the requests for rulings.

The plaintiff argues that, because the merchandise was delivered with a C.O.D. slip attached, by acceptance of the shipment in this form the defendant ratified the action of Record in shipping these records and became obligated to pay for them. Apart from the finding of the judge that the defendant did pay for them, there is the further difficulty that on the evidence these goods were not delivered and accepted upon a C.O.D. order. The testimony of the agent

of the plaintiff who delivered the records to the defendant which the judge could have believed is decisive on this point.

It follows that the order of the Appellate Division dismissing the report must be affirmed.

*So ordered.*